UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. STANFORD, | No. 2:18-cv-03007-KJM-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL IN PART |
| v. | |
| A. PENA, *et al.*, | ECF No. 40 |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He alleges that he was attacked by another inmate, D. Chan, and that defendants were deliberately indifferent in failing to protect him.  ECF No. 6 at 11-18.  He has filed a motion to compel, ECF No. 40, and defendants have filed an opposition, ECF No. 41.  Plaintiff has not filed a reply and the time to do so has passed.  For the reasons stated below, I grant his motion in part.

**Legal Standards**

Parties are obligated to respond to interrogatories to the fullest extent possible, under oath, Fed. R. Civ. P. 33(b)(3), and must state any objections with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("[O]bjections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable.").  A responding party is typically not required to conduct extensive research in

1

order to answer an interrogatory, but reasonable efforts must be undertaken. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or if the previously-provided response needs correction. Fed. R. Civ. P. 26(e)(1)(A).

**Analysis**

There are seven requests for production at issue in plaintiff's motion.

### I.     Request for Production Number One

Plaintiff requests inmate D. Chan's movement records. ECF No. 40 at 3-4. In their response, defendants point out that they have already admitted the dates that Chan moved in and out of the relevant cell. ECF No. 41 at 4-5. Defendants also state that there are no responsive documents regarding plaintiff and Chan's incompatibility or relating to any requested cell move by Chan. *Id.* at 5. In light of defendants' admissions and plaintiff's failure to justify a need for other movement records, I will not compel defendants to provide other materials in response to this request.

### II.    Request for Production Number Two

Plaintiff requests Chan's rules violation reports in order to show that his attacker should not have been housed in the "honor building,"[1] where the incident occurred. ECF No. 41 at 4. Defendants offer several objections to this request, the most salient of which is that there are no records of Chan being involved in fights or other violence prior to November 19, 2016—the date Chan attacked plaintiff. The court finds that, even if Chan has other rules violation reports for non-violent offenses, they would not be relevant to whether defendants should have known that he was a threat to plaintiff's safety. No further production for this request will be compelled.

---

[1] The "honor building" appears not to have been an official designation. ECF No. 41-3 at 83. There was, however, an informal focus on placing inmates without serious disciplinary violations in that housing unit. *Id.*

### III.     Request for Production Number Three

Plaintiff requests all security camera footage of the incident. ECF No. 40 at 4. Defendants state that all footage in their possession has already been disclosed. ECF No. 41 at 6; ECF No. 41-3 at 52. I cannot compel defendants to produce materials that they do not have, and plaintiff has not identified any footage that might exist that has not yet been disclosed. I will compel no further production.

### IV.     Request for Production Number Four

Plaintiff requests a copy of the report for the November 19, 2016 incident underlying his complaint. ECF No. 40 at 4-5. Defendants state that they do not object to producing a redacted copy to plaintiff pursuant to a court order. ECF No. 41 at 6. The redactions would be undertaken to protect the privacy of third parties. *Id.* I will order defendants to produce an appropriately redacted copy of the incident report to plaintiff.

### V.      Request for Production Number Five

Plaintiff asks that Defendant McQuade tell him where documents related to "the conversion of [building 1] into an 'honor building'" are located. ECF No. 40 at 5. Defendant McQuade has stated that, to his knowledge, there was no official 'honor building.' ECF No. 41-3 at 83. Plaintiff states that this response is "not what [he] knows to be true," and that he has been attempting to gather evidence to corroborate his position. ECF No. 40 at 5. I cannot force defendants to divulge what they do not know, or to change the substance of their discovery responses. If plaintiff identifies specific documents that he believes to be in defendants' control, he may renew his motion to compel.

### VI.     Request for Production Number Six

Plaintiff seeks to compel disclosure of any complaints that have been filed against defendants during their employment with the California Department of Corrections and Rehabilitation ("CDCR"). ECF No. 40 at 5. Defendants object to this request as overbroad and irrelevant. I agree that it is overbroad. Production of all complaints might sweep in accusations unrelated to claims of deliberate indifference, such as First Amendment retaliation claims or

3

claims of due process violations associated with disciplinary hearings. I also agree with defendants that a prior complaint for deliberate indifference against them would be unlikely to help plaintiff establish that defendants acted with deliberate indifference in this case. A finding of deliberate indifference requires plaintiff to show that, on a specific occasion, defendants had knowledge of a substantial threat to his safety and that they failed to take reasonable measures to prevent it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Plaintiff argues that discovery of the complaints would lead to the discovery of admissible evidence, "such as prior similar acts reflecting a pattern of disregard for inmates' health and safety." ECF No. 40 at 5-6. The federal rules preclude admission of such propensity evidence, however. *See* Fed. R. Evid. 404(b) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.").[2] I will not compel defendants to produce all complaints filed against them during their time at CDCR.

### VII. Request for Production Number Seven

Plaintiff seeks documents that support defendants' contention that they were not deliberately indifferent to his health and safety. ECF No. 40 at 6. He states that he is specifically seeking "witness statements or declarations" that defendants have prepared. *Id.* Defendants state that they have not yet prepared any declarations and might not do so until they file a motion for summary judgment. ECF No. 41 at 8. They state that they will not oppose any extension of time plaintiff might seek to review those declarations once they are filed. *Id.* I will not compel further production with respect to this request.

Based on the foregoing, it is ordered that plaintiff's motion to compel, ECF No. 40, is granted in part. Within thirty days of this order, defendants shall provide plaintiff with a redacted copy of the November 19, 2016 incident report. The motion is denied in all other respects.

---

[2] Under Federal Rule of Evidence 404(b)(2), such evidence might be admissible for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Plaintiff has not articulated a need for the complaints based on any of these permissible purposes, however.

IT IS SO ORDERED.

Dated: __April 1, 2021__  
                                        JEREMY D. PETERSON  
                                        UNITED STATES MAGISTRATE JUDGE