UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. STANFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>A. PENA, *et al.*,<br><br>        Defendants. | Case No. 2:18-cv-03007-KJM-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS FOR EXTENSIONS OF TIME AND DENYING HIS MOTIONS TO MODIFY THE SCHEDULING ORDER, FOR RECONSIDERATION, AND TO APPOINT AN EXPERT WITNESS<br><br>ECF Nos. 45, 46, 49, 53, & 54<br><br>ORDER GRANTING DEFENDANTS' MOTIONS FOR EXTENSIONS OF TIME<br><br>ECF Nos. 50 & 56 |

      Plaintiff is a state prisoner proceeding without counsel under 42 U.S.C. § 1983. Several motions are currently pending before the court, most of which are addressed herein.

**Motion to Modify the Scheduling Order**

      Plaintiff has filed a motion to modify the scheduling order to extend the deadline for completion of discovery. ECF No. 45. A court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry focuses on the diligence of the party seeking the modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Thus, the "court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (internal

1

1    quotations and citations omitted).  "Relevant inquiries [into diligence] include . . . whether

2    matters that were not, and could not have been, foreseeable at the time of the scheduling

3    conference caused the need for amendment."  *United States ex rel. Terry v. Wasatch Advantage*

4    *Grp., LLC*, 327 F.R.D. 395, 404 (E.D. Cal. 2018).

5        Plaintiff argues that he only learned of the need to conduct additional discovery after the

6    January 13, 2021, deadline for completion of discovery.  ECF No. 45 at 1.  He explains that in

7    April 2021, the court granted in part his motion to compel and ordered defendants to produce a

8    redacted copy of the November 19, 2016, incident report.  *Id.*; *see* ECF No. 42 at 3.  He contends

9    that prior to receiving that report, he was not able to determine "what methods of discovery to

10   use, and how to use them."  ECF No. 45 at 1.

11       Plaintiff's argument does not meet the good cause standard.  While plaintiff might not

12   have known the contents of the incident report prior to the discovery deadline, he has not

13   explained why he needs additional discovery after reviewing the report, nor how the report

14   compelled him to change methods of discovery.  His motion to modify the scheduling order is

15   denied.

16       **Motion for Reconsideration**

17       Plaintiff has filed a motion to compel, ECF No. 46, which I construe as a motion for

18   reconsideration because it asks the court to review its prior ruling on a motion to compel, *see* ECF

19   Nos. 40 & 42.  Plaintiff asks the court to reconsider two of the six discovery requests that it

20   declined to grant in its April 2, 2021 order; specifically, the production of all security camera

21   footage of the incident, and all complaints filed against defendants during their employment with

22   the California Department of Corrections and Rehabilitation.  ECF No. 46 at 2.  The court

23   previously denied the former on the ground that defendants have produced all relevant footage in

24   their possession and denied the latter because it was overbroad.  *See* ECF No. 42.

25       Generally, a court will reconsider a prior order when it "(1) is presented with newly

26   discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or

27   (3) if there is an intervening change in controlling law."  *Sch. Dist. No. 1J v. AC and S, Inc.*, 5

28   F.3d 1255, 1263 (9th Cir. 1993).  Under the court's local rules, a motion for reconsideration must

1  specify "what new or different facts or circumstances are claimed to exist which did not exist or
2  were not shown upon such prior motion, or what other grounds exist for the motion," and "why
3  the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R.
4  230(j)(3)-(4).
5        Plaintiff's motion neither offers any argument as to why these conclusions were incorrect
6  at the time nor cites any newly discovered evidence that might justify reconsideration of the
7  court's earlier analysis. *See id.* at 3-4. Accordingly, plaintiff's motion fails to show that
8  reconsideration is appropriate and must be denied.

9  **Motion to Appoint Expert Witness**

10        Plaintiff asks the court to appoint an expert witness to analyze video footage, noting that
11  be believes defendants inappropriately altered the footage. ECF No. 49 at 2-3. Although courts
12  generally have discretion under Federal Rule of Evidence 706 to appoint an unbiased, neutral
13  expert, *see Gorton v. Todd*, 793 F. Supp.2d 1171, 1179 (E.D. Cal. 2011), plaintiff has offered no
14  basis for his contention that the footage was altered—apart from his claim that the footage does
15  not reflect that facts as he alleges them. Plaintiff's request is denied.

16  **Motions for Extensions of Time**

17        Both plaintiff and defendants request extensions of time. Defendants seek additional time
18  to file a motion for summary judgment, ECF No. 50, which they have since filed, ECF No. 51.
19  Plaintiff has filed two motions seeking additional time to file an opposition to defendants' motion
20  for summary judgment, ECF Nos. 53 & 54; he has since filed his opposition, ECF No. 55.
21  Finally, defendants request an extension of time to reply to plaintiff's opposition to their motion
22  for summary judgment, ECF No. 56; they have since filed their reply, ECF No. 57. Good causing
23  appearing, these motions are granted, and the relevant pleadings are deemed timely.
24        Accordingly, it is hereby ORDERED that:
25        1. Plaintiff's motion to modify the scheduling order, ECF No. 45, is denied.
26        2. Plaintiff's second motion for reconsideration, ECF No. 46, is denied.
27        3. Plaintiff's motion to appoint an expert witness, ECF No. 49, is denied.
28        4. Plaintiff's motions for extensions of time to file an opposition to defendants' motion

for summary judgment, ECF Nos. 53 & 54, are granted.

5. Defendants' motions for extensions of time to file a dispositive motion, ECF No. 50, and a reply to plaintiff's opposition to their motion for summary judgment, ECF No. 56, are granted.

IT IS SO ORDERED.

Dated: _December 9, 2021_ _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE