UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. STANFORD, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>A. PENA, *et al.*, <br><br>　　　　Defendants. | Case No. 2:18-cv-03007-KJM-JDP (PC) <br><br> FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED IN PART AND DENIED IN PART <br><br> ECF No. 51 |

Plaintiff, a state prisoner proceeding without counsel, was attacked by another inmate, Daniel Chan. He alleges that correctional officers McQuade, Pena, and Lewis violated his Eighth Amendment rights by failing to prevent the attack. Defendants move for summary judgment, arguing that they had no knowledge that Chan posed a threat to plaintiff.[1] Defendants also claim qualified immunity. I recommend denying defendants' motion for summary judgment in part, since plaintiff has produced evidence that McQuade was aware that Chan posed a particular danger to him. I recommend granting summary judgment for Pena and Lewis, since plaintiff has not produced evidence that either knew of the threat Chan posed.

---

[1] Defendants also argue that, once the attack had begun, they intervened promptly and reasonably. ECF No. 51 at 15-16. Although plaintiff disputes this argument in his opposition, he does not, in his complaint, allege that defendants failed to intervene promptly, *see* ECF No. 6, and the screening order did not find that it was part of his claim, *see* ECF No. 8. Thus, I do not address this argument herein.

**Background**

On August 30, 2016, Chan moved into plaintiff's cell at High Desert State Prison ("HDSP"). ECF No. 55 at 85, 95. Plaintiff twice raised concerns about Chan with McQuade, who regularly staffed the building where plaintiff was housed. *Id.* at 89-90. In the first conversation, he told McQuade that he was "extremely incompatible" with Chan as a cellmate. *Id.* at 96. Chan was moved out of plaintiff's cell on October 30, 2016 but remained housed in the same building. *Id.* at 90. After Chan's move, plaintiff told McQuade that he "felt at risk by [Chan] remaining in the building," because Chan knew that he had been convicted of a sexual offense against a minor. *Id.* at 85, 90, 97, 98.

Defendants describe the events of November 19, 2016, as follows: they were each working in plaintiff's building, McQuade and Lewis on the floor and Pena in the control booth. ECF No. 51-3 at 1-2. At around 11:20 a.m., while inmates were returning from dayroom and yard time, McQuade noticed Chan leaning into plaintiff's open cell doorway. *Id.* at 2. He shined his flashlight at Chan and instructed him to return to his cell. *Id.* Instead of complying, Chan rushed into plaintiff's cell, at which point McQuade and Lewis engaged their personal alarm devices and responded to plaintiff's cell. *Id.*; ECF No. 51-5 at 2. Upon entering the cell, McQuade saw Chan pinning plaintiff against the cell's back wall. ECF No. 51-3 at 2-3. He noticed a cut on plaintiff's lower lip and blood on his face and shirt. *Id.* McQuade then removed Chan from plaintiff's cell. *Id.* at 3.

Plaintiff portrays the incident differently.[2] He maintains that he was inside his cell with the door locked when Chan started pulling on his door and yelling threats. *Id.* at 22, 101-02. He

---

[2] A camera recorded the incident but, due to its position, captured only a partially obscured view of the cell's exterior. ECF No. 51-2, Exhibit A. The video shows Chan opening plaintiff's door and standing in the doorway for approximately forty seconds before disappearing into the cell. Chan was in the cell for approximately thirty seconds before two correctional officers, one of whom plaintiff identified as McQuade, removed Chan from the cell. Although plaintiff argues that the video was altered (it does not match his version of events), this argument does not create a genuine dispute of material fact since he offers no explanation of or support for his claim of alteration. *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007) (finding that no genuine dispute of fact exists regarding events discernable in a video, even if sworn testimony contradicts the video).

1  then heard Chan say "101"—his cell number—after which his door unlocked. *Id.* at 22; 105.

2  Moments later, Chan entered his cell and attacked him. *Id.*

## Legal Standard

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving

3

party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

**Analysis**

At issue is whether defendants' failure to protect plaintiff from Chan violated the Constitution's Eighth Amendment. The deliberate-indifference standard of *Farmer v. Brennan*, 511 U.S. 825 (1994), governs such failure-to-protect claims. *See Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). Under *Farmer*, a defendant violates the Eighth Amendment when: (1) the alleged deprivation is objectively serious, and (2) the defendant is deliberately indifferent to the deprivation. *See Farmer*, 511 U.S. at 834; *Hearns*, 413 F.3d at 1040. "Prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S.

4

at 833 (alterations omitted).  To establish deliberate indifference, a plaintiff "must demonstrate that the risk was obvious or provide other circumstantial or direct evidence that the prison officials were aware of the substantial risk to [] inmates' safety." *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1078 (9th Cir. 2013).

Here, it is undisputed that plaintiff was attacked and suffered serious injury.  The issue is whether defendants were deliberately indifferent to the danger posed by Chan.  *See Powell v. Miles*, No. CV 03-1819-PHX-JAT, 2006 WL 2547359, at *8 (D. Ariz. Aug. 30, 2006) ("A failure to protect claim lies when officials act with 'deliberate indifference' to the threat of serious harm or injury by another prisoner.").  In the context of providing safety for an inmate and protecting him against attacks, "deliberate indifference" requires the plaintiff to show that the prison official knew of and disregarded an excessive risk to his safety.  *See Farmer*, 511 U.S. at 837.

### A.   Defendant McQuade

There is evidence that McQuade knew of a serious risk of harm to plaintiff by Chan. Plaintiff first told McQuade that he was "extremely incompatible" with Chan as a cellmate and, after Chan was moved out of plaintiff's cell, told McQuade that he still felt threatened by Chan— both because Chan remained in the building and because Chan knew that plaintiff had been convicted of a sexual offense against a minor.[3]  Viewing the evidence in the light most favorable to plaintiff, McQuade was aware that there was a specific threat from Chan and that the risk of harm was obvious, since inmates known as sexual offenders are at a substantially higher risk of harm.  *See Nailing v. Fosterer*, No. CIV S-09-2475-MCE-CMK, 2012 WL 1130655, at *8 (E.D. Cal. Mar. 2, 2012) (finding that plaintiff had sufficiently pled a failure to protect claim because "a reasonable jury could conclude that defendants were deliberately indifferent to the generally known risk sex offenders face in the prison general population"); *Morris v. Burkhouse*, No. CV 19-5839-SVW (KK), 2021 WL 2119497, at *4 (C.D. Cal. March 24, 2021) (finding that a correctional officer's false accusation of indecent exposure, made in order to label the plaintiff as a sex offender, was sufficient to demonstrate that the plaintiff faced "a substantial risk of harm to

---

[3] The record does not reveal why Chan was moved.

his health and safety") (citing *Neal v. Shimoda*, 131 F.3d 818, 829 (9th Cir. 1997) (analyzing due process claim and stating, "[w]e can hardly conceive of a state's action bearing more 'stigmatizing consequences' than the labeling of a prison inmate as a sex offender"). Despite that, McQuade took no action to protect plaintiff.

McQuade argues that he is entitled to qualified immunity. ECF No. 51 at 17-18. In assessing whether qualified immunity attaches, a court asks "two questions: (1) whether the facts, taken in the light most favorable to the non-moving party, show that the officials' conduct violated a constitutional right, and (2) whether the law at the time of the challenged conduct clearly established that the conduct was unlawful." *Felarca v. Birgeneau*, 891 F.3d 809, 815 (9th Cir. 2018). As discussed above, there is a genuine dispute as to whether McQuade violated plaintiff's Eighth Amendment rights, and the right at issue—an inmate's right to be protected from violence at the hands of other inmates—was clearly established. *See Farmer*, 511 U.S. at 833; *see also Leach v. Drew*, 385 F. App'x 699, 701 (9th Cir. 2010) ("Failure of a prison official to respond to a known, credible threat to an inmate's safety constituted a violation of the inmate's Eighth Amendment rights."). Thus, summary judgment in favor of McQuade is not appropriate.

**B.     Defendants Lewis and Pena**

Lewis and Pena are differently positioned. Plaintiff never told them of his concerns regarding Chan; he admitted in his deposition that he had no pre-incident interactions with either. ECF No. 55 at 89. Plaintiff relies on a report from the Office of Inspector General that documented general threats to inmates convicted of sexual offenses at HDSP. But both Lewis and Pena stated that they have never read the report, ECF No. 55 at 118-22, and even if they had read it, the report would not have apprised them of any specific threat posed by Chan; the report addressed only general risks faced by inmates convicted of sexual offenses. There is also no evidence that either knew that plaintiff had such a conviction. And while other inmates claim that they heard Chan's threats before the attack, there is no evidence that Pena or Lewis did.

Plaintiff argues that Pena unlocked his cell door at Chan's request, allowing Chan to attack. He does not, however, provide any evidence showing that Pena unlocked the cell door with an intent to facilitate the attack. Notably, nothing in the record suggests that Pena had any

6

reason to believe that Chan would attack plaintiff.  *See Thurston v. Younger*, No. 2:18-CV-0527-CKD (P), 2020 WL 3490580, at *4 (E.D. Cal. June 26, 2020).

**Conclusion**

Accordingly, it is hereby RECOMMENDED that defendants' motion for summary judgment, ECF No. 51, be denied for McQuade and granted for Lewis and Pena.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court.  Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   February 10, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE