UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. STANFORD,<br><br>          Plaintiff,<br><br>    v.<br><br>A. PENA, et al.,<br><br>          Defendants. | No.  2:18-cv-03007-KJM-JDP (PC)<br><br><br>ORDER |

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On February 11, 2022, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Defendant McQuade has filed objections to the findings and recommendations.  ECF No. 60.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

      The court writes separately to address defendant McQuade's objection that there is no evidence to support plaintiff's "allegation that he told McQuade that he felt at risk because Chan

1

1  knew Stanford had been convicted of a sexual offense against a minor." ECF No. 60 at 1.  In

2  relevant part, the magistrate judge found

> [t]here is evidence that McQuade knew of a serious risk of harm to plaintiff by Chan. Plaintiff first told McQuade that he was "extremely incompatible" with Chan as a cellmate and, after Chan was moved out of plaintiff's cell, told McQuade that he still felt threatened by Chan—both because Chan remained in the building and because Chan knew that plaintiff had been convicted of a sexual offense against a minor.[1] Viewing the evidence in the light most favorable to plaintiff, McQuade was aware that there was a specific threat from Chan and that the risk of harm was obvious, since inmates known as sexual offenders are at a substantially higher risk of harm. *See Nailing v. Fosterer*, No. CIV S-09-2475-MCE-CMK, 2012 WL 1130655, at *8 (E.D. Cal. Mar. 2, 2012) (finding that plaintiff had sufficiently pled a failure to protect claim because "a reasonable jury could conclude that defendants were deliberately indifferent to the generally known risk sex offenders face in the prison general population"); *Morris v. Burkhouse*, No. CV 19-5839-SVW (KK), 2021 WL 2119497, at *4 (C.D. Cal. March 24, 2021) (finding that a correctional officer's false accusation of indecent exposure, made in order to label the plaintiff as a sex offender, was sufficient to demonstrate that the plaintiff faced "a substantial risk of harm to his health and safety") (citing *Neal v. Shimoda*, 131 F.3d 818, 829 (9th Cir. 1997) (analyzing due process claim and stating, "[w]e can hardly conceive of a state's action bearing more 'stigmatizing consequences' than the labeling of a prison inmate as a sex offender"). Despite that, McQuade took no action to protect plaintiff.

ECF No. 59 at 5-6.  Defendant McQuade relies on excerpts from plaintiff's deposition to support his objection. *See* ECF No. 60.

Upon review, the record contains sufficient evidence to support an inference that defendant McQuade knew that inmate Chan knew that plaintiff was a convicted sex offender. Plaintiff appended a copy of his verified complaint, filed January 22, 2019, as Exhibit B to his opposition to defendants' motion for summary judgment.  ECF No. 55 at 46-74.  Statements in plaintiff's verified complaint are properly considered as an affidavit in opposition to defendants' motion for summary judgment to the extent those statements are "based on [plaintiff]'s personal knowledge of admissible evidence." *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995). In paragraph 23, plaintiff states that about four or five days after inmate Chan moved into his cell, inmate Chan told plaintiff

---

[1] The record does not reveal why Chan was moved.

2

> that he had been informed by the floor officer that plaintiff was a "sex Offender'" and that plaintiffs victim had been under the age of 14. (that however was not plaintiffs current term was for). Plaintiff informed Chan that McQuade was lying at thats not what plaintiff was currently in prison for.

ECF No. 55 at 61 (verbatim transcription). Plaintiff also states in paragraph 26 that

> [a]s the days passed, it become apparent that Chan or someone was discussing plaintiffs case factors with other inmates. Previously other inmates who had been friendly, no longer were. Inmates who had spoke to plaintiff or wished him a good day, no longer did. Some inmates even gave plaintiff the evil eye. Infact, some time after this incidence, many inmates began to harrass plaintiff and he was jumped by three Mexicans which lead to plaintiffs transfer out of HDSP.

*Id*. at 62 (verbatim transcription).  At his deposition, plaintiff testified that he "specifically" talked to defendant McQuade about feeling "threatened" by Chan being in the same building and "knowing [plaintiff's] case." Stanford Depo., Ex. C to ECF No. 55, at 45:15-22.  The foregoing is sufficient evidence to support a reasonable factfinder's finding that defendant McQuade knew that inmate Chan was aware plaintiff was a convicted sex offender and that plaintiff communicated his concern about this to defendant McQuade.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 11, 2022 are adopted in full;

2. Defendants' motion for summary judgment, ECF No. 51, is denied as to McQuade and granted as to defendants Lewis and Pena;

3. This matter is referred to the court's ADR and Pro Bono Director, Sujean Park, to attempt to locate pro bono counsel to represent plaintiff at a settlement conference to be set by subsequent order of the court; and

4. The matter will be set for a final pretrial status conference once settlement is exhausted.

DATED: September 23, 2022.

CHIEF UNITED STATES DISTRICT JUDGE